Tabiai-ekbo, J.
This is a petitory action brought by the plaintiff to recover a tract of land in possession of the defendants, who, as ho alleges, illegally retain the same, to his great annoyance and injury. Ho prays judgment decreeing him to be the owner of the land ; that he bo put in possession, an'd that defendants be condemned to pay him two hundred dollars per annum rent, so long as they continue to withhold tho same.
Tho defendants oppose to the plaintiff’s title a deed made to them by one Nonworthy, a parish tax collector, who sold the' laud for parish taxes in December, 1850, at which sale the defendants purchased. Judgment was rendered in the Court below in favor of defendants, quieting them in their possession, and tho plaintiff appealed.
The plaintiff shows, a regular chain of title from ¡Shields, the original grantee ; and ho shows that Chambliss, who bought from Shields, was tho owner of tho laud by regular conveyance of record in the parish in which tho land is situated, at the time it was sold for parish taxes. Tho defendants introduced a certified copy of tho assessment of the land for the year 1849, showing that the parish tax on the land for that year was one dollar and forty cents ; and that it was assessed as tho “ Mooney tract.” lu the adjoining column of description, it is stated to contain six hundred and forty acres ; its boundaries on three sides are given, and stated that it is “known as the Shields tract.” They also show the act of sale made by tho tax collector, in which ho specifies boundaries, and designates the land sold as tho “Mooney tract.”
It has been settled by several decisions of this Court, that tho claimants of land under tax sales are hold rigidly to show that all tho requirements of tho law in regard to them have been fully complied with, under pain of nullity.. It is incumbent upon such claimant to produce tho assessment of tho property, and to show tho legality of tho assessment. In regard to parish taxes, an ordinance of the police jury, levying tho tax, was hold necessary in a case very similar to this, in 16 An. 118, Templeton v. Board of Levee Commissioners.
Here no ordinance is shown. Tho assessment was made in tho name of “ Mooney,” a non-residout, in whom no right whatever is shown to have ever existed ; while it appears that, at the time of tho assessment and the sale, the title of Chambliss was of record in tho parish. In conformity with the well-settled rjulcs, in relation to forced alienations of lids character, wo fool bound to consider the defendants’ title defectivo, and that tho judgment of tho lower Court should bo reversed. 6 N. H. 31.8. 7L. GO. 10 L. 283. 13 L. 205. 4 An. 248. 6 An. 542. 8 An. 19. JO An. 329. 14 An. 210.
It is therefore ordered, adjudged and decreed, that tho judgment of the District Court bo annulled, avoided and reversed. It is further ordered, adjudged and decreed, that the plaintiff have judgment in his favor, decreeing him to bo the owner of the tract of land described in his petition’; that ho bo put in possession of the same, and that a writ of possession to that effect be issued. It is further ordered that defendants and appellees pay costs in both courts.